## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No.  3:02-CR-0092-H |
| | ) | (No.  3:04-CV-2637-H) |
| MICHAEL ANTHONY SILLEMON | ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the District Court, this case has been referred to United States Magistrate Judge Paul D. Stickney whose findings, conclusions, and recommendation follow:

### FINDINGS AND CONCLUSIONS

Michael Anthony Sillemon ("Movant") seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Movant is a federal inmate currently incarcerated in the Allenwood federal correctional institution in Pennsylvania.  Respondent is the United States of America.

### Statement of the Case

On April 10, 2002, Movant was charged in a nine-count indictment.  Movant was charged in count one with conspiracy to receive stolen money or property, in violation of 18 U.S.C. § 371. He was charged with bank robbery, and aiding and abetting in counts two, four, six, and eight, each in violation of 18 U.S.C. §§ 2113(a) and (d) and 2.  Counts three, five, seven, and nine charged him with use of a firearm in a violent crime, and aiding and abetting, each in violation of 18 U.S.C. §§ 924(c) and 2.  Movant went to trial before a jury and, on August 30, 2002, the jury returned a verdict of guilty on each count.  On November 27, 2002, the District Court sentenced Movant to 60 months'

imprisonment on count one; 168 months' imprisonment on each of counts two, four, six, and eight; 120 months' imprisonment on count three; and 300 months' imprisonment on each of counts five, seven, and nine. The District Court ordered that the term imposed on count one is to be served concurrently with the terms imposed on counts two, four, six, and eight, whereas the term imposed on count three is to be served consecutively to the terms imposed in counts one, two, four, six, and eight. The District Court also ordered that the terms imposed on counts five, seven, and nine were to run consecutively to each other and to the terms imposed on the other counts. The District Court sentenced Movant to a total aggregate term of imprisonment of 1,188 months. Movant filed a timely notice of appeal on December 9, 2002, and the appellate court affirmed his conviction on December 12, 2003. *United States v. Sillemon*, No. 02-11344 *2 (5th Cir. Jan. 8, 2004). Movant timely filed his § 2255 on December 12, 2004.

## Statement of the Claims

Movant raises the following claims:

1.     Counsel provided constitutionally ineffective assistance;

2.     the Government used its peremptory challenges to strike African-American jurors in violation of *Batson v. Kentucky*; 476 U.S. 79 (1986);

3.     the Government failed to disclose Jenks Act[1] materials and impeachment evidence against witnesses prior to trial; and

4.     the trial court made numerous substantial rulings that were unlawful and harmful to the defense and incorrectly charged the jury.

---

[1]  18 U.S.C. § 3500.

## Scope of Review

The scope of post-conviction relief pursuant to 28 U.S.C. § 2255 is limited. Issues raised and decided on appeal from a judgment of conviction are not considered in § 2255 motions. *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985). The statute affords judicial review only for constitutional errors and other issues that (1) could not have been raised on direct appeal and (2) will result in a miscarriage of justice if left unaddressed. *See United States v. Faubion,* 19 F.3d 226, 233 (5th Cir. 1994). Before a petitioner may raise an issue for the first time in a § 2255 proceeding, he must show "cause" for his procedural default in failing to raise the issue on appeal and "actual prejudice" resulting from the error. *United States v. Frady*, 456 U.S. 152, 168 (1982); *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). This high hurdle ensures that final judgments command respect and that their binding effect is not disturbed by an endless series of post-conviction collateral attacks. *Frady*, 456 U.S. at 168. A defendant may satisfy the cause and prejudice test by proving that counsel provided constitutionally ineffective assistance. *See United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995); *see also United States v. Patten*, 40 F.3d 774, 775 (5th Cir. 1994). Additionally, ineffective assistance of counsel may constitute an independent basis for post-conviction relief. *See United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992); *see also Shaid*, 937 F.2d at 232.

The Sixth Amendment to the United States Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. U.S. CONST., art. VI. To merit relief pursuant to § 2255 on a claim of ineffective assistance of counsel, a movant must demonstrate that his trial counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. *Strickland v. Washington*,

466 U.S. 668, 691 (1984).   In assessing whether a particular counsel's performance was constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance.  *Id.* at 689.  A movant's failure to establish either prong of the *Strickland* test requires the court to find that counsel's performance was not constitutionally ineffective; hence courts are free to review ineffective assistance claims in any order and need not address both the "deficient" and "prejudice" prong if one component is found lacking.  *Id.* at 697. The prejudice prong of the *Strickland* test requires the petitioner to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.   A reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Id.* at 694.  A petitioner claiming ineffective assistance must prove that the challenged conduct of his counsel rendered the proceeding fundamentally unfair or unreliable.  *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (citing *Strickland*, 466 U.S. at 687).   Courts are required to consider the totality of the evidence in assessing whether the result would likely have been different absent the alleged errors of counsel.  *Strickland*, 466 U.S. at 695.

## Examination of the Claims

### Alleged Ineffective Assistance of Counsel

Movant alleges that his counsel was ineffective for failing to investigate vital factors that may have proven his innocence and for failing to question witnesses.  A movant claiming ineffective assistance for counsel's failure to investigate must "'allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.'" *Lockett v. Anderson*, 230 F.3d 695, 713 (5th Cir. 2000) (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)).   The Court must indulge a strong presumption that counsel's conduct falls within a wide

4

range of reasonable professional assistance; the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Michel v. Louisiana*, 350 U.S. 91, 101 (1956).  A movant's conclusory allegations cannot sustain a claim of ineffective assistance of counsel.  *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000); *Strickland*, 466 U.S. at 693-94.

Movant does not identify what counsel should have investigated, what the investigation would have revealed, who the government witnesses are that he should have questioned, how their credibility could have been exposed, or how the investigation and questioning would have altered the outcome of the trial.  The questioning of government witnesses is purely a tactical decision. Movant cannot second-guess his counsel's trial strategy on collateral review.  Lastly, Movant claims that trial counsel did not pose questions to certain FBI agents due to a lack of preparation.  As with Movant's claim about the witnesses, counsel's decision regarding the questioning of agents is a matter of trial strategy.  Moreover, Movant does not identify the agents nor explain what questions counsel should have posed or how the results of the trial would have been different.

The Court has reviewed the record and finds that the complained-of actions of trial counsel were not outside the wide range of professional competent assistance.  *Strickland*, 466 U.S. at 690. Movant's broad-based assertion that counsel did not properly represent him fails to raise a cognizable claim. The record shows that counsel actively advocated his client's defense throughout the trial.  Movant's claims of ineffective assistance of counsel should be denied.

## Alleged Peremptory Strikes in Violation of the
## Constitution's Equal Protection Clause

Movant asserts the government used peremptory strikes against African-American jurors because of their race.  The Equal Protection Clause prohibits prosecutors from challenging potential jurors solely on account of their race. *Batson*,  476 U.S. at 89.   A party that does not raise facts or make timely *Batson* claims in the district court waives the right to raise them on appeal.  *Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 561-62 (5th Cir. 2001).   Movant did not make a timely *Batson* claim in the trial court.  After the jury was seated, the trial court asked the parties if there was any *Batson* challenge to the jury. (Trial Tr., Vol. 1, p. 92, *ll.* 16-19.)  Movant's counsel responded, "No, Your Honor."  (*Id.*)  Movant waived his *Batson* claim, and it is now procedurally barred.  Movant's *Batson* claim should be dismissed.

## Alleged Trial Court Error and The Government's Alleged Failure
## to Produce Impeachment Information Before Trial

Movant asserts for the first time in his § 2255 motion that  the trial court erred in its rulings, the trial court incorrectly charged the jury, and the government engaged in misconduct when it failed  to produce documents under the Jencks Act, 18 U.S.C. § 3500, before trial.  These claims are procedurally barred because Movant failed to raise them on appeal.  Movant has not shown cause for his procedural default and actual prejudice resulting from this error.  *Shaid*, 937 F.2d at 232; *Frady*, 456 U.S. at 168.  "Cause" for failure to raise a claim in an earlier challenge to the legality of a conviction has been defined as the presence of some factor external to the defense such as governmental interference or the unavailability of its factual or legal basis to the movant at the time of the prior proceeding.  *McQueen v. Whitley*, 989 F.2d 184, 185 (5th Cir. 1993); *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992).  A court need not consider whether there is actual prejudice if

the petitioner fails to show cause. *McCleskey v. Zant*, 499 U.S. 467, 501 (1991). Movant has not demonstrated that some external factor impeded his efforts to raise the issues, as required. Accordingly, Movant's claims should be denied.

## **RECOMMENDATION**

Movant failed to meet the *Strickland* standard for proving constitutionally ineffective assistance of counsel. He waived his *Batson* claim and procedurally defaulted his claims of trial court error and Jenks Act violations. This Court hereby recommends that Movant's motion to vacate, set aside, or modify his conviction and sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed June 19, 2006.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE